UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ 2005 ★
BROOKLYN OFFICE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 03-CV-278 (JBW) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| $293,316 IN UNITED STATES CURRENCY, ) | |
| MORE OR LESS, AND ALL PROCEEDS ) | |
| TRACEABLE THERETO SEIZED FROM ) | MEMORANDUM, ORDER & |
| ALI SHER KHAN; $187,155 IN UNITED ) | JUDGMENT |
| STATES CURRENCY, MORE OR LESS, ) | |
| AND ALL PROCEEDS TRACEABLE ) | ATTORNEYS' FEES |
| THERETO SEIZED FROM AKBAR ALI ) | |
| KHAN; AND $35,112 IN UNITED STATES ) | |
| CURRENCY, MORE OR LESS, AND ALL ) | |
| PROCEEDS TRACEABLE THERETO ) | |
| SEIZED FROM FAZAL SUBHAN, ) | |
| ) | |
| Defendants *in rem*. ) | |

Appearances:

For the Plaintiff:

 Roslynn R. Mauskopf
 United States Attorney
 Eastern District of New York
 147 Pierrepont Street
 Brooklyn, NY 11201
 By: Laura D. Mantell, Assistant United States Attorney

For Defendants *in Rem*:

 Donohue and Donohue
 232 South Fourth Street
 Philadelphia, PA 19106
 By: John Patrick Donohue, Esq.

1

English & Smith
526 King Street, Suite 213
Alexandria, VA 22314
By: David Smith, Esq.

JACK B. WEINSTEIN, Senior District Judge:

This action arises from the convictions of Ali Sher Khan, Akbar Ali Khan and Fazal Subhan for concealing more than $10,000 in currency and attempting to transport that currency out of the United States in violation of section 5332(a) of title 31 of the United States Code. In the subsequent civil forfeiture proceedings, forfeiture was ordered of 50% of the seized currency that the convicted claimants proved to be their own. *United States v. $293,316 in U.S. Currency*, 349 F. Supp. 2d 638 (E.D.N.Y. 2004); *see also United States v. Khan*, 325 F. Supp. 2d 218 (E.D.N.Y. 2004) (addressing sentencing). Those convicted also carried money of other claimants (hereafter "innocent owners") who contended that they were not aware of the carriers' criminal conduct.

Attorney fees and costs are now being sought for the representation of all claimants (collectively, the "claimants") in the civil forfeiture proceedings. Claimants argue that they are entitled to attorney fees and expenses because they were "prevailing" parties under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1) (2000), or "substantially" prevailing parties under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2465(b)(1) (2000). The innocent owners (i.e., friends, relatives or co-workers of convicted claimants) seek, under CAFRA only, attorney fees and costs for pursuing their claims to the remainder of the

2

seized currency.

For the reasons set forth below, all applications for attorney fees and costs are denied. The court regrets that hard-earned money of innocent owners must be expended in order to retain attorneys. Counsel for all parties have acted ethically and properly. The claimants' choice of a surreptitious method for sending their money out of the United States created the conditions that led to this costly litigation.

I. Law

    A. Statutory Provisions

        1. EAJA

Section 2412(d)(1) of title 28 of the United States Code, upon which claimants rely for reimbursement, reads:

> (A) *Except as otherwise specifically provided by statute*, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*
>
> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the

3

position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

(D) *If, in a civil action brought by the United States . . ., the demand by the United States is substantially in excess of the judgment finally obtained by the United States and is unreasonable* when compared with such judgment, under the facts and circumstances of the case, the court shall award to the party the fees and other expenses related to defending against the excessive demand, unless the party has committed a willful violation of law or otherwise acted in bad faith, or special circumstances make an award unjust. Fees and expenses awarded under this subparagraph shall be paid only as a consequence of appropriations provided in advance.

28 U.S.C. § 2412(d)(1) (emphasis added).

"The Supreme Court has defined the term 'substantially justified' as 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005) (quoting *Comm'r of INS v. Jean*, 496 U.S. 154, 158 n.6 (1990)). The government must demonstrate that its position "had a reasonable basis in both law and fact." *Id.* (citation and internal quotation marks omitted).

"The special circumstances provision of the [EAJA] 'explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party.'" *United States v. 27.09 Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994) (citation omitted). "This rule 'gives the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Id.* (citation and internal quotation marks omitted).

4

## 2. CAFRA

Section 2465(b) of title 28 of the United States Code, also relied upon by claimants, reads in relevant part:

> (1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for—
>
> (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;
>
> . . . .
>
> (2)
>
> (A) The United States shall not be required to disgorge the value of any intangible benefits nor make any other payments to the claimant not specifically authorized by this subsection.
>
> (B) The provisions of paragraph (1) shall not apply if the claimant is convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.
>
> . . . .
>
> (D) If the court enters judgment in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly.

28 U.S.C. § 2465(b).

### B. Innocent Owners' Application

Section 2465(b)(2)(C) of title 28 of the United States Code applies to innocent owners. It provides a defense for the United States. It reads:

> (C) *If there are multiple claims to the same property, the United States shall not be liable for costs and attorneys fees* associated with any such claim if the Untied States—
>
>     (i) promptly recognizes such claim;
>
>     (ii) promptly returns the interest of the claimant in the property to the claimant, if the property can be divided without difficulty and there are no competing claims to that portion of the property;
>
>     (iii) does not cause the claimant to incur additional, reasonable costs or fees; and
>
>     (iv) prevails in obtaining forfeiture with respect to one or more of the other claims.

28 U.S.C. § 2465(b)(2)(C) (emphasis added).

## II. Analysis and Application of Law

### A. Claimants' Application

Section 2412(d)(1) of title 28 of the United States Code provides for the awarding of fees and other expenses "[e]xcept as otherwise specifically provided by statute." 28 U.S.C. § 2412(d)(1)(A). Section 2465(b) of title 28 of the United States Code is such a statute: It bars an award of attorney fees and expenses "if the claimant is convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law." 28 U.S.C. § 2465(b)(2)(B); *see also* § 2465(b)(2)(A) (barring any payment by the United States that is not specifically authorized by the subsection).

The convicted claimants were found guilty after a trial of various crimes, including violations of section 5332(a) of title 31 of the United States Code, also referred to as the bulk

6

cash smuggling statute. Any property involved in a violation of section 5332(a) is subject to criminal and civil forfeiture. 31 U.S.C.A. § 5332(b)(2) (West 2003 & Supp. 2005) (providing for criminal forfeiture); § 5332(c) (providing for civil forfeiture). That forfeiture in this case was effectuated via civil proceedings does not remove it from the reach of section 2465(b)(2)(B), since the statute's language only requires that the property at issue be *subject to* forfeiture—not actually forfeited—under a federal criminal forfeiture law. *See* 28 U.S.C. § 2465(b)(2)(B). Because the convicted claimants were found guilty of crimes for which their interest in the seized currency was subject to forfeiture under a federal criminal forfeiture law—i.e., section 5332(b) of title 31 of the United States Code, any award of attorney fees and expenses to them is barred by section 2465(b)(2)(B) of title 28 of the United States Code.

Assuming *arguendo* that section 2465(b) did not bar the award of attorney fees and expenses to the convicted claimants, section 2412(d)(1) itself indicates that such an award would be inappropriate under the circumstances of this case. A "prevailing party" is one who obtains a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001) (citation and internal quotation marks omitted). Although convicted claimants may arguably qualify as "prevailing parties" in this proceeding, it is not clear that a civil forfeiture action based on a criminal conviction or offense constitutes a "civil action." *See Boudin v. Thomas*, 732 F.2d 1107, 1112 (2d Cir. 1984) (holding that habeas petitions are not "civil actions" under section 2412); *see also Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005) (holding that *Boudin*, which remains good law in the Second Circuit, is limited to criminal habeas petitions—it does not apply to

7

immigration habeas petitions). *Cf. United States v. Bajakajian*, 524 U.S. 321, 331 n.6 (1998) (noting that "some recent federal forfeiture laws have blurred the traditional distinction between civil *in rem* and criminal *in personam* forfeiture" (citation and internal quotation marks omitted)).

The government was substantially justified in its position that 100 percent of the currency owned by the convicted claimants was subject to forfeiture. As reflected in the chart published in *United States v. $293,316 in U.S. Currency*, 349 F. Supp. 2d 638, 648-49 (E.D.N.Y. 2004), the government has commonly obtained 100% forfeiture for currency reporting and bulk cash smuggling violations. In this case, leniency was exercised at sentencing and in the civil forfeiture proceedings.

### B. Innocent Owners' Application

A deficiency in the innocent owners' application for attorney fees and expenses is that there were competing claims to the seized currency. *See* 28 U.S.C. § 2465(b)(2)(C)(ii). One innocent owner claimant was actually seeking money to which he ultimately admitted he had no right. With respect to the currency seized from Ali Sher Khan, the claims filed by innocent owners exceeded the amount seized and thus were "competing claims" within the meaning of section 2465(b)(2)(C)(ii). Those claims were not resolved until June 30, 2005.

In large part the delay in adjudicating these claims was due to a failure of the innocent owners to fill out necessary forms certifying the truth of their contentions and to provide necessary social security numbers. The government appears to have proceeded as quickly and

fairly as it could. The method of hiding and marking separate quantities of money in the luggage of the convicted claimants made a fair resolution difficult. While it is assumed that these innocent owners were not aware of the crimes that were to be committed by those to whom they entrusted their money, they certainly contributed to the confused factual situation with respect to ownership. *See generally* Report and Recommendation of the Magistrate Judge, June 30, 2005.

The government has arranged to pay interest on the money to be returned to the innocent claimants. Payments are in process of being made by check.

## III. Conclusion

No attorney fees or costs are awarded. The property shall be promptly returned. The checks shall be made payable to the attorney.

SO ORDERED.

_____
Jack B. Weinstein

Dated: October 7, 2005
       Brooklyn, New York

9